## HUNTER v. RUDIDILL.
### No. 4783.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1934.

Polk & Robinson, of Alexandria, for appellant.

Frank H. Peterman, of Alexandria, for appellee.

DREW, Judge.

This is a suit for rent due on 20.11 acres of farm land. A provisional seizure was issued and the cotton and corn in the field were seized. Plaintiff alleged that the rent contract, which was oral, was for defendant to pay $6 per acre rent, or a total of $120.66. He further alleged that defendant had harvested and sold part of the crop, had paid no part of the rent, and had refused to pay.

Defendant admits that he rented the land, but alleges he planted 7.91 acres of land in corn and 12.20 acres of land in cotton; that he agreed to pay $6 per acre for the land planted in corn and one-fourth of the quantity of the cotton raised, on the land planted in cotton. In his answer, defendant asked that the provisional seizure be dissolved and for $50 attorney's fees for dissolving it.

In reconvention, defendant prays for damages in the sum of $250, alleging that on the third day after the seizure and within the ten days allowed him to bond the property, plaintiff sent a crowd of men on the property and picked and removed therefrom two and one-half bales of cotton, which plaintiff illegally retained in his possession. He alleges this act to·be illegal and that he is entitled to damages for said act.

The lower court awarded judgment for plaintiff as prayed for, sustained the writ of provisional seizure, and rejected defendant's reconventional demand. Defendant has devolutively appealed to this court.

The principal question in the case is, What was the rent contract?

The lower court found the rent contract to be as alleged by plaintiff and we cannot say its finding on this question is incorrect for the preponderance of the testimony is in favor of such a finding. This being true, plaintiff is entitled to judgment for the amount of rent sued for.

 It is admitted that defendant picked, ginned, and sold one bale of cotton off this land and, while he offered to pay one-fourth

of same to plaintiff, he refused to pay anything on the basis of $6 per acre cash rent, and, further, kept all the money derived from the sale of the cotton. Plaintiff was therefore entitled to sue out a writ of provisional seizure and said writ was properly sustained.

The only remaining question is the claim for damages in the reconventional demand. The cotton was picked by hands employed by the keeper appointed by the sheriff and under directions of the sheriff. It was the duty of the sheriff or keeper to have the crop gathered after it was seized, and we have been cited to no law, nor do we know of any, which required them to wait ten days to see if defendant was going to bond the property. Furthermore, there is no proof of any damage to defendant caused by this act.

We are therefore of the opinion that the judgment of the lower court is correct and it is affirmed, with costs.